UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANITE OUTLET, INC, | No. 2:14-cv-0124-TLN-EFB |
| Petitioner, | |
| v. | **ORDER** |
| CHRISTINE BAKER in her official capacity as DIRECTOR OF THE DEPARTMENT OF INDUSTRIAL RELATIONS (DIR), | |
| Respondents. | |

    This matter is before the Court on a Petition for a Temporary Restraining Order filed by Plaintiff and Petitioner Granite Outlet, Inc. ("Plaintiff"). (See Pl.'s Compl. ECF No. 1; see also Pl.'s Ex Parte Application for Temporary Restraining Order, ECF 4; Pl.'s Mem. in Support of Ex Parte Application for Temporary Restraining Order, ECF 5.)  Plaintiff seeks four specific items of relief.  First, "[f]or the issuance of a temporary restraining order enjoining the Defendant Christine Baker from enforcing the appeal bond requirements of labor code section 98.2(b), on the basis that the appeal bond constitutes a violation of Plaintiff's right to access to courts, a fundamental right secured by the First Amendment to the United States constitution, right to petition the government for redress of grievances. . . .  And to permit the two labor appeal cases to go forward in Sacramento County on the substantive merits";  second, "[f]or the issuance of a

Case 2:14-cv-00124-TLN-EFB   Document 11   Filed 01/23/14   Page 2 of 4

temporary restraining order enjoining Defendant from objecting/opposing [its] demand for a jury trial in the Sacramento Superior Court Labor awards cases, presently set for trial March 6, 2014; and to permit the cases to proceed as jury trials"; third, "[f]or the issuance of a temporary restraining order enjoining Defendant Christine Baker in her official capacity as Director of the Department of Industrial Relations (DIR) from enforcing the previously issued awards against Plaintiff in Case Nos. 34-2013-00151101 and 34-2013-00151100"; and fourth, "[f]or the issuance of an Order to Show Cause requiring Defendant to appear in court and show cause why a preliminary injunction on the same terms as the temporary restraining order, or such other injunctive relief as the court deems proper, should not issue." (ECF 4 at 1:7-24.)

Plaintiff argues that enforcement of the bond requirement set forth in California Labor Code § 98.2(b) would impede its Constitutional right to access to courts. More specifically, Plaintiff maintains that the bond requirement impermissibly constrains its ability to pursue its pending state court appeal of an adverse decision of the California Labor Commission. According to Plaintiff, presently pending in its Sacramento County Superior Court wage order appeal is a January 23, 2014, hearing on the labor commissioner's motion to dismiss the appeal for failure to post the Bond required by California Labor Code § 98.2(b).

The court hereby denies Plaintiff's application for a variety of reasons. First, Plaintiff failed to comply with the document checklist set forth in Eastern District Local Rule 231(c). Specifically, Plaintiff's Proposed Order in support of its Ex Parte Application fails to "further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow." L.R. 231(c)(8).

Furthermore, Plaintiff has not articulated why it could not have sought injunctive relief at an earlier date. See L.R. 231(b) ("In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order."). More specifically, Plaintiff has not explained why it did not seek the relief it currently seeks until more than three months after the labor commission issued its decision in the underlying labor dispute on September 3, 2013. (ECF 1, Ex. A.); see also L.R.

1  231(b) ("Should the Court find that the applicant unduly delayed in seeking injunctive relief, the
2  Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of
3  irreparable injury and may deny the motion solely on either ground.")

4        The court also finds that principles of comity and federalism drastically undermine
5  Plaintiff's contention that there is a likelihood of success on the merits. See Winters v. Natural
6  Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction
7  must establish that [it] is likely to succeed on the merits. . . ."). "Generally, the Supreme Court's
8  decision in Younger and its progeny direct federal courts to abstain from granting injunctive or
9  declaratory relief that would interfere with pending state judicial proceedings." E.T. v. George,
10 681 F.Supp.2d 1151, 1168 (2010); Younger v. Harris, 401 U.S. 37, 40–41 (1971); Samuels v.
11 Mackell, 401 U.S. 66, 73 (1971) (holding that "where an injunction would be impermissible
12 under these principles, declaratory relief should ordinarily be denied as well"). The Younger
13 doctrine "reflects a strong policy against federal intervention in state judicial processes in the
14 absence of great and immediate injury to the federal plaintiff." Moore v. Sims, 442 U.S. 415, 423
15 (1979). When federal courts disrupt a state court's opportunity to "intelligently mediate federal
16 constitutional concerns and state interests" and interject themselves into such disputes, "they
17 prevent the informed evolution of state policy by state tribunals." Moore, 442 U.S. at 429–30.

18       The relief Plaintiff seeks is exactly the type of relief "Younger and its progeny directs
19 federal courts to abstain from granting." E.T., 681 F.Supp.2d at 1168. Plaintiff seeks injunctive
20 relief that would directly impede the currently pending matter in Sacramento Superior Court.
21 Such interference would seriously deprive the state court the opportunity to develop state policy
22 concerning California Labor Code Section 98.2. Indeed, the Sacramento Superior Court has
23 specifically requested briefing from the parties addressing whether it has "authority to dismiss the
24 appeal if the bond is not posted at the time the appeal is filed" and whether the court "ha[s]
25 authority to permit a posting of the bond after the appeal is filed." (ECF 1, Ex. A.) As such, the
26 court finds that, based on the important principles of comity and federalism, granting the relief
27 Plaintiff seeks would be highly inappropriate, and thus, Plaintiff has failed to show a likelihood of
28 success on the merits.

1    Finally, Plaintiff does not satisfy the stringent standard to justify ex parte injunctive relief.
2 To qualify for a temporary restraining order, at minimum the moving party must demonstrate (1)
3 a probability of success on the merits and the possibility of irreparable harm, and (2) that the
4 lawsuit raises serious questions and the balance of hardship tips sharply in the movant's favor.
5 See Hoopa Valley Tribe v. Christie, 812 F.2d 1097, 1102 (9th Cir. 1986); Regents of Univ. of
6 Cal. v. American Broadcasting Companies, Inc., 747 F.2d 511, 515 (9th Cir. 1984); see also Fed.
7 R. Civ. P. 65.  Plaintiff's Petition fails to demonstrate a probability of success on the merits, a
8 possibility of irreparable harm, or that this lawsuit raises serious questions of public interest with
9 the balance of hardships tipping in his favor.
10    Therefore, Plaintiff's Petition for a Temporary Restraining Order is DENIED.
11 **IT IS SO ORDERED.**
12 Dated: January 22, 2014

Troy L. Nunley
United States District Judge