1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          EASTERN DISTRICT OF CALIFORNIA
10

11    GRANITE OUTLET, INC.,                    No.  2:14-cv-00124-TLN-EFB

12                     Plaintiff,

13            v.                                **ORDER**

14    CHRISTINE BAKER, in her official
      capacity as DIRECTOR OF THE
15    DEPARTMENT OF INDUSTRIAL
      RELATIONS (DIR),
16
                       Defendant.
17

18

19            This matter is before the Court pursuant to Defendant Christine Baker's ("Defendant")

20    Motion to Dismiss.[1]  (ECF No. 24.)  Plaintiff Granite Outlet, Inc. ("Plaintiff") opposes

21    Defendant's motion.  (ECF No. 25.)  Defendant filed a reply in response to Plaintiff's opposition.

22    (ECF No. 27.)  The Court has carefully considered the arguments raised by both parties.  For the

23    reasons stated below, the motion is hereby DENIED.

24    _____

25    [1] Defendant accompanied its motion to dismiss with an unopposed request that the Court take judicial notice of
      representation and appeals filed in underlying matters in the Sacramento Superior Court of the State of California.
26    (Req. for Judicial Notice, ECF No. 24-2.)  Defendant supplemented its request with an order from the Third
      Appellate District Court of Appeal of the State of California, consolidating the two underlying matters.  (Suppl. Req.
27    for Judicial Notice, ECF No. 27-1.)  In resolving a motion to dismiss, courts may consider matters that are subject to
      judicial notice, including proceedings of other state and federal courts.  *U.S. ex rel. Robinson Rancheria Citizens
28    Council v. Borneo, Inc.*, 971 F.2d 244 (9th Cir. 1992).  Accordingly, the Court GRANTS Defendant's unopposed
      request.

## I.      FACTUAL AND PROCEDUREAL BACKGROUND

On September 3, 2013, the California Labor Commissioner issued two awards against Plaintiff in favor of former employees in a wage claim.  (First Am. Compl. ("FAC"), ECF No. 23 at ¶ 46.)  The awards were for $43,332.52 and $61,425.21 respectively.  (ECF No. 23 at ¶ 49–51.)  Plaintiff appealed both awards in the Sacramento County Superior Court.  (ECF No. 23 at ¶ 47.)  The Labor Commissioner, acting as attorney for the claimants, moved to dismiss for failure to post the appeal bonds required by California Labor Code section 98.2(b).  (ECF No. 23 at ¶ 48.)  The court granted claimants' motion and entered judgment.  (ECF No. 23 at ¶ 49.)  On April 11, 2014, Plaintiff appealed to the California Court of Appeal.  (ECF No. 24-2, Ex. 3.)  On June 25, 2014, Plaintiffs and claimants settled the underlying appeals.  (Not. Settlement, ECF No. 30.)

The issue involved in this case is whether the bond requirement under California Labor Code section 98.2(b), which was applied in the aforementioned action, is constitutional.  Plaintiff filed its original complaint on January 17, 2014.  (*See* Compl., ECF No. 1.)  On January 21, 2014, while the state court proceedings were still pending, Plaintiff sought a temporary restraining order against the California Court of Appeal.  (*See* Ex Parte Application for Temp. Restraining Order, ECF No. 4.)  The Court denied Plaintiff's request.  (*See* Order, ECF No. 11.)

Plaintiff filed a FAC in this Court on April 7, 2014 against Defendant, who serves as the Director of the Department of Industrial Relations ("DIR") in her official and individual capacity.  (ECF No. 23 ¶ 4.)  Plaintiff pleads a single claim for violation of the Federal Civil Rights Act, 42 U.S.C. Section 1983, alleging that Defendant deprived Plaintiff of rights and privileges secured by the Constitution.  (ECF No. 23 ¶¶ 18, 44.)  Specifically, Plaintiff seeks relief enjoining the enforcement of and declaring the appeal bond requirement of California Labor Code Section 98.2(b) unconstitutional.  (ECF No. 23 ¶ 18.)  Plaintiff contends that this section "constitutes an unlawful temporary taking of property, in violation of the due process clause," as well as a "violation of the right to access to courts."  (ECF No. 23 ¶¶ 22–23; ECF No. 25 at 12.)  Second, Plaintiff alleges that the bond requirement deprived it of its right to a jury trial in violation of Article III and the equal protection clause.  (ECF No. 23 ¶¶ 27–29.)  Third, Plaintiff avers that Defendant's practice of permitting the Labor Commission to assist claimants in the preparation of

2

1    complaints and evidence, in addition to awarding liquidated damages against defendants, is

2    unconstitutional.  (ECF No. 23 ¶¶ 30, 34.)  Finally, Plaintiff contends that the penalty provision in

3    Labor Code Section 1194.2 is "unconstitutionally vague."  (ECF No. 23 ¶ 35.)

4         Defendant filed a motion to dismiss Plaintiff's claim pursuant to Federal Rule of Civil

5    Procedure 12(b)(6), in which she contends that Plaintiff fails to state a claim against her.  (ECF

6    No. 24.)

7    **II.      LEGAL STANDARD**

8         Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

9    statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556

10   U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

11   defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic*

12   *v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

13   pleading standard relies on liberal discovery rules and summary judgment motions to define

14   disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*,

15   534 U.S. 506, 512 (2002).

16        On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

17   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

18   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

19   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

20   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

21   relief."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

22   factual content that allows the court to draw the reasonable inference that the defendant is liable

23   for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

24        Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

25   factual allegations."  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

26   1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

27   unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

28   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

4

2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.   ANALYSIS

Plaintiff challenges the constitutionality of California Labor Code Section 98.2(b), as well as other related practices of the California Labor Commissioner, under the Federal Civil Rights Act, 42 U.S.C. Section 1983.  (ECF No. 23 at ¶ 18.)  Rather than address Plaintiff's claim, Defendant argues that the "FAC fails to allege a cognizable legal theory against Ms. Baker." (ECF No. 24 at 5.)  Defendant mischaracterizes Plaintiff's claim as only demanding relief from the California Court of Appeal and thus argues that because Defendant is not and was never a party to that action, Plaintiff's FAC must be dismissed.  (ECF No. 24 at 8.)  Defendant also contends that, pursuant to the Anti-Injunction Act, federal courts "may not grant an injunction to stay proceedings in a [s]tate court."  (ECF No. 24 at 5–6.)  Defendant maintains that an injunction would interfere with the "important state interest" of providing employees with a cost effective, administrative process for resolving wage claims and "ensur[ing] that an employee will actually collect a judgment or award."  (ECF No. 24 at 7.)

First, the Court notes that it has already denied Plaintiff's request for injunctive relief:

> The Younger doctrine "reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate injury to the federal plaintiff."  *Moore v. Sims*, 442 U.S. 415, 423 (1979). When federal courts disrupt a state court's opportunity to "intelligently mediate federal constitutional concerns and state interests" and interject themselves into such disputes, "they prevent the informed evolution of state policy by state tribunals."  *Moore*, 442 U.S. at 429–30.

(Order, ECF No. 11.)  However, the Court's unwillingness to intervene in ongoing state court matters does not preclude Plaintiff from challenging the constitutionality of § 98.2(b)'s bond requirement in a subsequent law suit.  Defendant has not provided nor is the Court aware of any legal authority precluding such an action.  Moreover, Defendant's blanket statements that the bond requirement is constitutional do not suffice to show that Plaintiff has failed to state a claim.

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress.

42 U.S.C. § 1983.  The elements of a Section 1983 case are "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting "under color" of state law.  *Id.*  The "laws" referred to include statutes that confer individual rights on a class of persons that include the Plaintiff.  *Gonzaga University v. Doe*, 536 U.S. 273, 285–85 (2002) (citing *Cannon v. University of Chicago*, 441 U.S. 677, 609, n.13 (1979)).

Here, the FAC alleges that Plaintiff's appeal in the underlying state court litigation was dismissed for failure to post the appeal bonds required by California Labor Code section 98.2(b). (ECF No. 23 at ¶ 49.)  Plaintiff claims that requiring it to post an appeal bond in the amount of the disputed award constitutes a temporary taking of property without due process.  (ECF No. 23 at ¶ 64.)  Further, Plaintiff alleges that this appeal bond requirement deprived Plaintiff of its First Amendment right to petition the government for redress in the underlying actions.  (ECF No. 23 at ¶ 63.)  Additionally, Plaintiff has pled that Defendant, in her position as Director of the DIR, is the state actor that enforces the requirement.  Thus, Plaintiff has pleaded sufficient facts to maintain its claim for a violation of the Federal Civil Rights Act, 42 U.S.C. Section 1983, and dismissal is not appropriate at this time. [2]

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is hereby DENIED.

IT IS SO ORDERED.

Dated:  November 4, 2014

Troy L. Nunley
United States District Judge

---

[2] Defendant also submitted arguments as to whether she in fact denied Plaintiff's ability to pursue a jury trial.  The Court finds that Defendant misunderstands Plaintiff's FAC.  The Court interprets the FAC as stating that the bond requirement denies a right to a jury trial.  In any event, the Court finds that this argument is irrelevant to disposition of this matter and thus declines to entertain it further.