UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GRANITE OUTLET, INC.,

Plaintiff,

v.

CHRISTINE BAKER, Director of the Department of Industrial Relations,

Defendant.

No. 2:14-cv-00124-TLN-EFB

**ORDER**

This is a lawsuit brought under 42 U.S.C. § 1983 challenging the constitutionality of California Labor Code § 98.2 and associated practices of the Labor Commissioner. The matter is before the Court on a motion for partial summary judgment by Plaintiff Granite Outlet, Inc. ("Plaintiff") (ECF No. 46) and a motion for summary judgment by Defendant Christine Baker ("Defendant"), the Director of the California Department of Industrial Relations, which oversees the Labor Commissioner (ECF No. 45). The Court has carefully considered the parties' briefs and the record. For the reasons set forth below, Plaintiff's motion for summary judgment (ECF No. 46) is hereby DENIED in part. In addition, the parties are hereby ORDERED to submit supplement briefing as set forth herein. The Court will address Defendant's motion for summary judgment (ECF No. 45) after the Court receives the parties' supplemental briefing.

## I. BACKGROUND

The instant case arises against the backdrop of an administrative adjudication of two wage claims and subsequent, abortive appeals to state superior court. Before turning to the details of the present case, the Court begins with an overview of the relevant statutory scheme.

### A. California Labor Code § 98

In California, an employee pursuing a wage-related claim has two principal options. *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1115 (2007). First, the employee can bring a garden-variety civil lawsuit against his or her employer. *Id.* Second, the employee can seek administrative relief by filing a wage claim with the Labor Commissioner pursuant to a statutory scheme set forth in § 98 of the California Labor Code. *Id.* In some administrative cases, the Labor Commissioner or a deputy will conduct an adjudication known as a Berman hearing (so named for the sponsor of the legislation). *Id.* The Berman hearing "is designed to provide a speedy, informal, and affordable method of resolving wage claims." *Id.* Following the Berman hearing, the Labor Commissioner files an order, decision, or award ("ODA") summarizing the hearing and setting forth the reasons for the Labor Commissioner's decision. Cal. Labor Code § 98.1(a).

Either party can appeal the ODA to the superior court within ten days. Cal. Labor Code § 98.2(a). Although review by the superior court is denoted an "appeal," it is entirely de novo and the ODA "is entitled to no weight whatsoever." *Kenneth Cole*, 40 Cal. 4th at 1116. "The decision of the trial court, after de novo hearing, is subject to a conventional appeal to an appropriate appellate court." *Id.*

Wage claimants and employers are treated differently in their ODA appeals. Labor Code § 98.2(b) constrains an employer's ability to appeal the ODA, providing in relevant part:

> As a condition to filing an appeal [of the ODA], an employer shall first post an undertaking with the reviewing court in the amount of the [ODA]. The undertaking shall consist of an appeal bond issued by a licensed surety or a cash deposit with the court in the amount of the [ODA].

Cal. Labor Code § 98.2(b). The undertaking must be posted before the superior court can review the case. *Palagin v. Paniagua Constr., Inc.*, 222 Cal. App. 4th 124, 140 (2013). Unlike the

employer, the wage claimant need not post an undertaking to appeal the ODA. *Palagin*, 222 Cal. App. 4th at 130. A wage claimant who cannot afford counsel for the de novo appeal may be represented by an attorney from the Division of Labor Standards Enforcement ("DLSE"), appointed by the Labor Commissioner. Cal. Labor Code § 98.4.

B. Underlying Wage Claims and State Court Litigation

Plaintiff is a business that faced wage claims in 2013 from two employees, Shao Hui Zhao ("Zhao") and Chau Van ("Van"). (Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts, ECF No. 47-1 at Nos. 4–5.) In August of 2013, a Labor Commissioner hearing officer held a joint Berman hearing on both claims. (ECF No. 47-1 at No. 6.) The Labor Commissioner issued ODAs awarding Zhao $43,332.52 and Van $61,425.21. (ECF No. 47-1 at Nos. 8–10.)

Plaintiff filed appeals of both ODAs in superior court, but did not post an undertaking in either case. (ECF No. 47-1 at Nos. 12–13.) A DLSE attorney represented Zhao and Van in the appeals. (ECF No. 47-1 at No. 15.) Zhao and Van filed motions to dismiss the respective appeals because Plaintiff had not posted an undertaking in either case. (ECF No. 47-1 at No. 16.) Plaintiff opposed the motions, arguing that the undertaking requirement was unconstitutional. (ECF No. 47-1 at No. 17.) The superior court considered Plaintiff's constitutional argument, but found it unpersuasive and granted both motions to dismiss. (ECF No. 47-1 at Nos. 18–19.) The superior court then entered judgments in favor of Zhao and Van, requiring Plaintiff to pay a total of $104,757.73. (ECF No. 47-1 at Nos. 20–21.)

Plaintiff appealed the superior court's judgments but elected to settle with Zhao and Van while the appeals were pending, and the appeals were ultimately dismissed. (ECF No. 47-1 at Nos. 24–31.)

C. Federal Court Litigation

Plaintiff filed the instant lawsuit while Zhao and Van's motions to dismiss were pending in superior court. (Compl., ECF No. 1 at ¶ 23.) Plaintiff sought a temporary restraining order in this Court, enjoining Defendant from enforcing the undertaking requirement of § 98.2(b), in essence asking the Court to mandate that Plaintiff's appeal to superior court not be dismissed for failure to post the undertaking. (ECF No. 4.) Plaintiff's request was denied on several grounds

including the *Younger* doctrine, which directs the federal courts to abstain from enjoining ongoing state judicial proceedings. (Order, ECF No. 11 at 3:4–28.)

After the superior court granted Zhao and Van's motions to dismiss, Plaintiff amended its complaint to "convert" the matter into an action for both equitable relief and damages. (First Am. Compl. ("FAC"), ECF No. 23 at ¶ 94.) The FAC asserts only one claim but spans nearly thirty pages and is laden with multitudinous legal theories and sweeping requests for relief. Although the FAC is not a paragon of clarity, the Court understands it to advance the following theories:

1. The undertaking requirement imposed by § 98.2(b) violates the First, Fifth, and Fourteenth Amendments because it impedes access to the courts, denies due process of law, and denies equal protection. (*See, e.g.*, ECF No. 23 at ¶¶ 23, 25.)
2. The process by which ODA appeals are taken in superior court pursuant to § 98.2 violates Article III, § 2 of the federal Constitution because the process does not allow trial by jury. (*See, e.g.*, ECF No. 23 at ¶¶ 26–27.)
3. The ten-day deadline to file a notice of appeal under § 98.2(a) is unconstitutionally short. (*See, e.g.*, ECF No. 23 at ¶¶68–74.)
4. The Labor Commissioner awards liquidated damages pursuant to Labor Code § 1194.2, which violates due process, equal protection, and is unconstitutionally vague. (*See, e.g.*, ECF No. 23 at ¶¶81–82.)
5. The Labor Commissioner assists wage-claimants with the preparation of their claims and evidence, which violates due process and equal protection. (*See, e.g.*, ECF No. 23 at ¶ 80.)

In the FAC, Plaintiff seeks declaratory relief and an injunction against Defendant in her official capacity prohibiting Defendant from enforcing the requirements of § 98.2, levying liquidated damages, and assisting wage-claimants in the preparation of their claims. (ECF No. 23 at 27:9–20.) Plaintiff also seeks damages from Defendant in her personal capacity. (ECF No. 23 at ¶ 4.)

Defendant moved to dismiss the FAC for failure to state a claim under § 1983. (ECF No. 24.) The Court denied that motion, finding that Plaintiff alleged all the requisite elements of a § 1983 claim. (Order, ECF No. 36.) Several months later, Plaintiff and Defendant filed motions

for summary judgment. (ECF Nos. 45–56.)

## II. DISCUSSION

Notwithstanding the constitutional questions Plaintiff attempts to raise, the Court does not now address any questions about whether the challenged laws or practices are permissible. Instead, the Court concludes that it lacks authority to grant nearly all of the relief Plaintiff seeks.

### A. Standing

Article III, § 2 of the Constitution limits the judicial power of the federal courts to "cases" and "controversies." U.S. CONST. art. III, § 2; *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). The doctrine of standing is a child of that constitutional command, sorting justiciable "cases" and "controversies" from disputes more appropriately resolved outside the judicial process. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Standing requires a plaintiff to "demonstrate a 'personal stake in the outcome'" of a case. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). If a plaintiff lacks standing, there is no case or controversy and the Court cannot exercise jurisdiction. *Id.*

To establish standing, a plaintiff must show three things. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical. *Laidlaw*, 528 U.S. at 180. Second, the plaintiff's injury must be fairly traceable to the challenged action of the defendant. *Id.* Third, it must be likely that a favorable decision by the court will redress the complained-of injury. *Id.* at 180–81. In addition, a plaintiff must have standing with respect to each type of relief the plaintiff seeks. *See Lyons*, 461 U.S. at 105; *Hodgers–Durgin v. De La Vina*, 199 F.3d 1037, 1040 n.1 (9th Cir. 1999) (en banc). For example, a plaintiff could have standing to seek damages for a past wrong, but lack standing to seek an injunction prohibiting the same wrong in the future. *See Lyons*, 461 U.S. at 105.

///

///

*i. Standing to Seek Injunctive and Declaratory Relief*

When a plaintiff seeks injunctive or declaratory relief based on a past wrong, the plaintiff must show that the same wrong will likely befall it again. *Lyons*, 461 U.S. at 108–09. Otherwise, the plaintiff's injury is not actual or imminent, but is instead the product of speculation and conjecture. *Id.* Along the same lines, a past injury typically cannot be redressed by prospective relief like an injunction or a declaratory judgment. *See Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1495 (9th Cir. 1996) ("Even were we to declare that the . . . law was unconstitutionally vague as applied to those plaintiffs, however, such a favorable decision would not redress the injury allegedly suffered by the plaintiffs because the complaint seeks only an injunction against future enforcement of the . . . law.").

Here, the superior court had already dismissed Plaintiff's ODA appeals when Plaintiff filed the FAC. (ECF No. 23 at ¶¶ 91–94.) At that point, Plaintiff's complained-of injury was in the past and Plaintiff lacked standing to seek any of the injunctive or declaratory relief it requested. Apparently recognizing that fact, Plaintiff asserts in the FAC that it may seek injunctive relief because "other employees . . . may bring some sort of wage claim" against Plaintiff in the future.[1] (ECF No. 23 at ¶ 100.) Thus, Plaintiff itself recognizes that the likelihood of future harm is speculative. Plaintiff predicates its standing upon a chain of contingencies: 1) a wage claimant will bring a future claim, 2) the wage claimant will choose to proceed through the administrative process rather than in a civil action, and 3) the Labor Commissioner will issue an ODA in the wage claimant's favor. That chain of contingencies does not constitute an actual or imminent injury. *See Lyons*, 461 U.S. at 103–05. In fact, it is undisputed that the wage claim lawsuits brought by Zhao and Van are the only two brought against Plaintiff in the last five years. (ECF No. 47-1 at No. 32.) The possibility that another wage claim will arise—although real—is

[1] According to Plaintiff, this case falls into the exception to the mootness doctrine for cases that are capable of repetition but evade review. (ECF No. 23 at ¶ 98 (citing *Roe v. Wade*, 410 U.S. 113, 125 (1973).) Leaving aside Plaintiff's assumption that the relevant issue is mootness and not standing, Plaintiff's argument fails because the exception does not apply here in any event. The mootness exception for cases that are capable of repetition but evade review applies when "a significant fact in the litigation" has such a naturally short duration that it will cease to exist "before the usual appellate process is complete." *Roe*, 410 U.S. at 125. Here, Plaintiff could have pursued its claim through several stages of appellate litigation and potentially to the United States Supreme Court. *See* 28 U.S.C. § 1257. But Plaintiff settled the underlying wage claims and judicial review ceased at that point. It was Plaintiff's own decision, rather than any innately fleeting characteristic of a wage claim, that precluded further review.

remote. "Such speculation is insufficient to establish the existence of a present, live controversy." *Ashcroft v. Mattis*, 431 U.S. 171, 172 n.2 (1977) (per curiam). Plaintiff has not established standing to seek injunctive or declaratory relief on any of its theories.

*ii. Standing to Seek Damages*

Unlike Plaintiff's request for injunctive and declaratory relief, Plaintiff's request for damages is based on a past (rather than future) injury: the settlement amount Plaintiff had to pay to Zhao and Van to settle their wage claims. As discussed *infra*, the Court has concerns about whether that injury can support standing. Even so, Plaintiff lacks standing to seek damages from Defendant based on the operation of Labor Code § 98.2 because Plaintiff's complained-of injury is not fairly traceable to Defendant.

Defendant does not enforce the requirements of Labor Code § 98.2. Both the undertaking requirement and the ten-day deadline are mandatory and jurisdictional. *Palagin*, 222 Cal. App. 4th at 140. If either condition is not met, the superior court cannot conduct its de novo review of the ODA because "the appeal does not come into existence." *Id.* at 136. The wage claimant need not file a motion to dismiss. *Id.*

However in some cases, the wage claimant will nevertheless move to dismiss because the employer failed to post the undertaking. That is precisely what happened in the underlying cases. (*See* ECF No. 47-1 at No. 16). But it is the wage claimant—not Defendant—that moves to dismiss because the undertaking was not posted. Even when the wage claimant is represented by a DLSE attorney pursuant to Labor Code § 98.4, DLSE is not itself a party and participates only by providing counsel for qualifying wage claimants. Here, it is undisputed that Zhao and Van, not DLSE, filed the motions to dismiss Plaintiff's ODA appeals. (ECF No. 47-1 at No. 16.)

Thus, Plaintiff's complained-of injury is not fairly traceable to Defendant. *See Allen v. Wright*, 468 U.S. 737, 759 (1984) ("The links in the chain of causation between the challenged Government conduct and the asserted injury are far too weak for the chain as a whole to sustain respondents' standing."), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014). Plaintiff lacks standing to sue Defendant for the alleged unconstitutionality of Labor Code § 98.2.

Due to deficiencies in Plaintiff's standing, Plaintiff's motion for partial summary judgment (ECF No. 46) is hereby DENIED in part. The motion is denied as to any issues concerning the constitutionality of § 98.2 and is denied as to any requests for injunctive relief.

B. Supplemental Briefing

The balance of this case concerns a much narrower issue: whether Defendant will be liable in her personal capacity for any of the damages Plaintiff allegedly incurred resulting from the Labor Commissioner's practices of awarding liquidated damages, helping wage claimants prepare their claims, and helping wage claimants prosecute their ODA appeals. The parties have focused on the abstract constitutionality of those practices, but the question before the Court is whether Defendant will be liable under § 1983. It is a "fundamental rule of judicial restraint [that the Court] must consider nonconstitutional grounds for decision before reaching any constitutional questions." *In re Ozenne*, 841 F.3d 810, 814 (9th Cir. 2016) (en banc) (quotations omitted). It appears to the Court that three issues may prove dispositive and render it unnecessary for the Court to reach Plaintiff's underlying constitutional claims. Consequently, the parties are hereby ORDERED to submit supplemental briefing on the following three topics.

*i. Standing*

The Court has concerns regarding its jurisdiction over Plaintiff's extant damages claims. Ostensibly, Plaintiff's injury-in-fact is the settlement amount paid to Zhao and Van. The parties shall submit supplemental briefing addressing whether Plaintiff's payment of those settlements is a constitutionally sufficient injury-in-fact that is fairly traceable to Defendant. That briefing shall conform to the schedule set forth at the conclusion of this Order.

*ii. Respondeat Superior*

There is no respondeat superior liability under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). If Defendant will be liable, it must be through her own individual actions. *Id.* The parties shall submit supplemental briefing addressing whether Defendant is entitled to summary judgment on the basis that she was not personally involved in the challenged actions. That briefing shall conform to the schedule set forth at the conclusion of this Order.

///

*iii. Qualified Immunity*

Assuming Defendant was personally involved in the challenged actions, she might nevertheless avoid liability by asserting qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The parties shall submit supplemental briefing addressing whether Defendant is entitled to summary judgment on the basis of qualified immunity. That briefing shall conform to the schedule set forth at the conclusion of this Order.

## III. CONCLUSION

For the reasons set forth above, the Court does not now reach the substantive constitutional issues Plaintiff attempts to raise. Instead, bound by Article III and guided by the principles of judicial restraint, the Court hereby ORDERS the following:

1. Plaintiff's motion for partial summary judgment (ECF No. 46) is DENIED in part.
2. The parties shall submit supplemental briefing regarding (1) whether Plaintiff has standing to pursue its extant damages claims against Defendant, (2) whether Defendant was personally involved in the alleged constitutional violations at issue, and (3) whether Defendant is entitled to qualified immunity. The briefing shall conform to the following schedule and page limits:
   a. Defendant shall file a brief not to exceed twenty (20) pages. This brief shall be filed within twenty-one (21) days of the date this Order is filed.
   b. Plaintiff shall file a brief in response. Plaintiff's brief shall not exceed twenty (20) pages. Plaintiff's brief shall be filed within fourteen (14) days of the date Defendant's brief is filed.
   c. Defendant shall file a brief in reply. Defendant's reply brief shall not exceed ten (10) pages. Defendant's reply brief shall be filed within seven (7) days of the date Plaintiff's brief is filed.
3. If Plaintiff does not file a responsive brief according to the schedule set forth herein,

the Court will, without further notice, construe Plaintiff's failure as a statement of non-opposition regarding the topics to be briefed.

4. The Court will address Defendant's motion for summary judgment (ECF No. 45) after the Court receives the parties' supplemental briefing.

IT IS SO ORDERED.

Dated: February 13, 2017

Troy L. Nunley
United States District Judge