1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11   GRANITE OUTLET, INC.,                    No.  2:14-cv-00124-TLN-EFB

12                  Plaintiff,

13        v.                                  **ORDER**

14   CHRISTINE BAKER, Director of the
     Department of Industrial Relations
15
                     Defendant.
16

17

18        This is a lawsuit challenging the constitutionality of California Labor Code § 98.2 and

19   associated practices of the California Labor Commissioner.  The matter is before the Court

20   following court-ordered supplemental briefing regarding Defendant Christine Baker's

21   ("Defendant") Motion for Summary Judgment (ECF No. 45) and Plaintiff Granite Outlet, Inc.'s

22   ("Plaintiff") Motion for Partial Summary Judgment (ECF No. 46).  For the reasons set forth

23   below, the case is DISMISSED in part for lack of subject matter jurisdiction, Defendant's motion

24   is GRANTED, and Plaintiff's motion is DENIED.

25   **I.        FACTUAL AND PROCEDURAL BACKGROUND**

26        This dispute began with the administrative adjudication of two wage claims and

27   subsequent, abortive appeals to state superior court.  From that humble beginning, the matter

28   evolved into the instant case—a slapdash attempt at forum shopping carried out through

                                            1

something akin to a collateral attack on a state judicial proceeding and several state statutes.  Now the case has been pared down substantially and only one question remains: is Defendant, the Director of the California Department of Industrial Relations, personally liable for money damages because her subordinate, the Labor Commissioner, implements a statutory scheme that Plaintiff charges is unconstitutional?  Before turning to that question, the Court provides an overview of the relevant statutory scheme and the history of the case.

A.  <u>Statutory Scheme</u>

In California, an employee pursuing a wage-related claim has two principal options. *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1115 (2007).  First, the employee can bring a garden-variety civil lawsuit against his or her employer.  *Id.*  Second, the employee can seek administrative relief by filing a wage claim with the Labor Commissioner pursuant to a statutory scheme set forth in Labor Code § 98.  *Id.*  In some administrative cases, the Labor Commissioner or a deputy will conduct an adjudication known as a Berman hearing (so named for the sponsor of the legislation).  *Id.*  The Berman hearing "is designed to provide a speedy, informal, and affordable method of resolving wage claims."  *Id.*

Following the Berman hearing, the Labor Commissioner files an order, decision, or award ("ODA") summarizing the hearing and setting forth the reasons for the Labor Commissioner's decision.  CAL. LAB. CODE § 98.1(a).  Labor Code § 1194.2 provides that the Labor Commissioner may award to the employee liquidated damages "in an amount equal to the wages unlawfully unpaid and interest thereon."  CAL. LAB. CODE § 1194.2(a).

Either party can appeal the ODA to the superior court within ten days.  CAL. LAB. CODE § 98.2(A).  Although review by the superior court is denoted an "appeal," it is entirely de novo and the ODA "is entitled to no weight whatsoever."  *Kenneth Cole*, 40 Cal. 4th at 1116.  "The decision of the [superior] court, after de novo hearing, is subject to a conventional appeal to an appropriate appellate court."  *Id.*

Wage claimants and employers are treated differently in their ODA appeals.  Labor Code § 98.2(b) constrains an employer's ability to appeal the ODA, providing in relevant part:

As a condition to filing an appeal [of the ODA], an employer shall

2

first post an undertaking with the reviewing court in the amount of the [ODA]. The undertaking shall consist of an appeal bond issued by a licensed surety or a cash deposit with the court in the amount of the [ODA].

CAL. LAB. CODE § 98.2(b). The undertaking must be posted before the superior court can review the case because the undertaking requirement is "mandatory and jurisdictional." *Palagin v. Paniagua Constr., Inc.*, 222 Cal. App. 4th 124, 140 (2013). Unlike the employer, the wage claimant need not post an undertaking to appeal the ODA. *See id.* at 130. A wage claimant who cannot afford counsel for the de novo appeal may be represented by an attorney from the Division of Labor Standards Enforcement ("DLSE"), appointed by the Labor Commissioner. CAL. LAB. CODE § 98.4.

B. Underlying Wage Claims and State Court Litigation

Plaintiff is a business that faced wage claims in 2013 from two employees, Shao Hui Zhao ("Zhao") and Chau Van ("Van"). (Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts, ECF No. 47-1 at Nos. 4–5.) In August of 2013, a Labor Commissioner hearing officer held a joint Berman hearing on both claims. (ECF No. 47-1 at No. 6.) The Labor Commissioner issued ODAs awarding Zhao $43,332.52 and Van $61,425.21. (ECF No. 47-1 at Nos. 8–10.)

Plaintiff filed appeals of both ODAs in superior court, but did not post an undertaking in either case. (ECF No. 47-1 at Nos. 12–13.) A DLSE attorney represented Zhao and Van in the appeals. (ECF No. 47-1 at No. 15.) Zhao and Van filed motions to dismiss the respective appeals because Plaintiff had not posted an undertaking in either case. (ECF No. 47-1 at No. 16.) Plaintiff opposed the motions, arguing that the undertaking requirement was unconstitutional. (ECF No. 47-1 at No. 17.) The superior court considered Plaintiff's constitutional argument, but found it unpersuasive and granted both motions to dismiss. (ECF No. 47-1 at Nos. 18–19.) The superior court then entered judgments in favor of Zhao and Van, requiring Plaintiff to pay a total of $104,757.73. (ECF No. 47-1 at Nos. 20–21.)

Plaintiff appealed the superior court's judgments but elected to settle with Zhao and Van while the appeals were pending. (ECF No. 47-1 at Nos. 24–31.)

/ / /

3

C.  Federal Court Litigation

Plaintiff filed the instant lawsuit while Zhao and Van's motions to dismiss were pending in superior court.  (Compl., ECF No. 1 at ¶ 23.)  Plaintiff sought a temporary restraining order enjoining Defendant from enforcing the undertaking requirement of Labor Code § 98.2(b), in essence asking this Court to mandate that Plaintiff's appeal to superior court not be dismissed for failure to post the undertaking.  (Appl. For TRO, ECF No. 4.)  Plaintiff's request was denied on several grounds including the *Younger* doctrine, which directs the federal courts to abstain from enjoining ongoing state judicial proceedings.  (Order, ECF No. 11 at 3:4–28.)

After the superior court granted Zhao and Van's motions to dismiss, Plaintiff amended its complaint to "convert" the matter into an action for both equitable relief and damages.  (First Am. Compl. ("FAC"), ECF No. 23 at ¶ 94.)  In a sprawling and often rambling complaint, Plaintiff accuses Defendant of administering a "kangaroo court" that is predicated upon "dishonest and bogus evidence" and ultimately "gouges employers with high value attorney fees as liquidated damages."  (ECF No. 23 at ¶¶ 31, 54, 68.)[1]  Although the FAC is not a paragon of clarity, the Court understands it to advance the following theories:

1.  The undertaking requirement imposed by Labor Code § 98.2(b) violates the First, Fifth, and Fourteenth Amendments because it impedes access to the courts, denies due process of law, and denies equal protection.  (*See, e.g.*, ECF No. 23 at ¶¶ 23–25.)

2.  The process by which ODA appeals are taken in superior court pursuant to Labor Code § 98.2 violates Article III, § 2 of the federal Constitution because the process does not allow trial by jury.  (*See, e.g.*, ECF No. 23 at ¶¶ 26–27.)

3.  The ten-day deadline to file a notice of appeal under Labor Code § 98.2(a) is unconstitutionally short.  (*See, e.g.*, ECF No. 23 at ¶¶69–74.)

4.  The Labor Commissioner awards liquidated damages pursuant to Labor Code § 1194.2, which violates due process and equal protection.  (*See, e.g.*, ECF No. 23 at ¶¶81–82.)

---

[1]  The Court observes that the FAC is misnumbered and there are two paragraphs identified as "68." (*Compare* ECF No. 23 at 18:7–19:11 *with id.* at 20:5–8.)  Plaintiff accuses Defendant of administering a "kangaroo court" in the latter of the two.  (ECF No. 23 at 20:5–8.)

5.   The Labor Commissioner assists wage-claimants with the preparation of their claims and evidence, which violates due process and equal protection.  (*See, e.g.*, ECF No. 23 at ¶ 80.)

In the FAC, Plaintiff seeks declaratory relief and an injunction against Defendant in her official capacity prohibiting Defendant from enforcing the requirements of Labor Code § 98.2, levying liquidated damages, and assisting wage-claimants in the preparation of their claims.  (ECF No. 23 at 27:9–20.)  Plaintiff also seeks damages from Defendant in her personal capacity.  (ECF No. 23 at ¶ 4.)

The parties filed cross motions for summary judgment.  (ECF Nos. 45, 46.)  In an Order filed on February 14, 2017, the Court held that Plaintiff lacked standing to pursue most of its claims.  (Order, ECF No. 56 at 5:3–8:3.)  First, the Court found that Plaintiff lacked standing to seek injunctive relief or declaratory relief because Plaintiff had not shown that it would likely be forced to litigate a future wage claim through a Berman hearing.  (ECF No. 56 at 6:1–7:3.)  Second, the Court found that any injury Plaintiff incurred as a result of the undertaking requirement of Labor Code § 98.2 was not fairly traceable to Defendant because Defendant does not enforce the undertaking requirement.  (ECF No. 56 at 7:4–28.)  Rather, Labor Code § 98.2 is a self-enforcing jurisdictional statute.  (ECF No. 56 at 7:4–28.)  The Court thus denied Plaintiff's motion for partial summary judgment to the extent it sought injunctive or declaratory relief, or any relief (including damages) connected to Labor Code § 98.2.  (ECF No. 56 at 8:1–3.)

The Court's prior Order left a narrow crop of issues.  Because the Court held that Plaintiff lacked standing to pursue injunctive or declaratory relief, or to pursue damages connected to Labor Code § 98.2, Plaintiff's only remaining claims are for damages against Defendant in her personal capacity because of the Labor Commissioner's practices of awarding liquidated damages, helping wage claimants prepare their claims, and helping wage claimants prosecute their ODA appeals.  (ECF No. 56 at 8:5–8.)

The Court ordered the parties to submit supplemental briefing addressing three issues: (1) whether Plaintiff has standing to pursue its damages claims against Defendant; (2) whether Defendant was personally involved in the alleged constitutional violations; and (3) whether

5

1   Defendant is entitled to qualified immunity.  (ECF No. 56 at 9:15–27.)  The Court is now fully

2   apprised of the parties' positions and turns to their motions.

3      **II.      LEGAL STANDARD**

4          Summary judgment is appropriate when the Court is satisfied that there is no genuine

5   dispute as to any material fact and the moving party is entitled to judgment as a matter of law.

6   Fed. R. Civ. P. 56(a).  The "threshold inquiry" is whether "there are any genuine factual issues

7   that properly can be resolved only by a finder of fact because they may reasonably be resolved in

8   favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  When the

9   Court looks at the evidence presented by the parties, it must credit the non-moving party's

10   evidence and draw all justifiable inferences in the non-moving party's favor.  *Id.* at 255.  But

11   inferences are not drawn out of the air.  It is the non-moving party's obligation to produce a

12   factual predicate from which the inference may be drawn.  *Mayweathers v. Terhune*, 328 F. Supp.

13   2d 1086, 1092–93 (E.D. Cal. 2004); *UMG Recordings, Inc. v. Sinnott*, 300 F. Supp. 2d 993, 997

14   (E.D. Cal. 2004).

15          In resolving the merits of a party's motion for summary judgment, the Court's role is not to

16   evaluate the evidence and decide the truth of the matter, but to determine whether there is a

17   genuine issue for trial.  *Anderson*, 477 U.S. at 249.  "Where the record taken as a whole could not

18   lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."

19   *Matsushita Elec Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotations omitted).

20   Cross motions for summary judgment are evaluated separately under the same standard.  *Am.*

21   *Civil Liberties Union of Nev. v. City of Las Vegas*¸ 333 F.3d 1092, 1097 (9th Cir. 2003).

22      **III.   ANALYSIS**

23          Throughout this case, "[t]he parties have focused on the abstract constitutionality" of the

24   statutes and practices Plaintiff challenges.  (ECF No. 56 at 8:8–9.)  But it is a "fundamental rule

25   of judicial restraint [that the Court] must consider nonconstitutional grounds for decision before

26   reaching any constitutional questions."  *In re Ozenne*, 841 F.3d 810, 814 (9th Cir. 2016) (en

27   banc).  Here, the Court does not reach Plaintiff's constitutional arguments for three reasons.

28   / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A.  Standing

First, Plaintiff lacks standing to seek injunctive relief, as the Court held in its prior Order.
(ECF No. 56 at 6:2–7:3.)  Plaintiff attempts to reargue the issue in its supplemental briefing.
(Pl.'s Suppl. Br., ECF No. 58 at 17:1–19:25.)  According to Plaintiff, "[t]he Court made a finding
that there is no chance that [Plaintiff] would ever have another wage and labor claim before the
Labor Commissioner."  (ECF No. 58 at 17:7–11.)  The Court made no such finding.  Instead, the
Court held that Plaintiff had not shown "an actual or imminent injury" sufficient to confer
standing.  (ECF No. 56 at 6:20–21 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 103–105
(1983).)  Plaintiff argues that it employs eighteen people, "which would generate the probable
reoccurrence of a future wage and hour claim."  (ECF No. 58 at 17:10–11.)  Perhaps Plaintiff is
correct, but "[s]uch speculation is insufficient to establish the existence of a present, live
controversy."  (ECF No. 56 at 7:1–2 (quoting *Ashcroft v. Mattis*, 431 U.S. 171, 172 n.2 (1977)
(per curiam).)

B.  Declaratory Relief

Second, Plaintiff cannot obtain declaratory relief.  As the Court held in its prior Order,
Plaintiff lacks standing to seek declaratory relief because such relief would not redress Plaintiff's
complained-of injury.  (ECF No. 56 at 6:5–14 (citing *Easyriders Freedom F.I.G.H.T. v.
Hannigan*, 92 F.3d 1486, 1495 (9th Cir. 1996).)

But even if Plaintiff had standing to seek declaratory relief, the Court would not issue it.
The federal courts enjoy "unique and substantial discretion in deciding whether" to issue
declaratory judgments.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007).  The
Court's exercise of discretion is guided by the factors set forth in *Brillhart v. Excess Ins. Co.*, 316
U.S. 491 (1942).  "The *Brillhart* factors are non-exclusive and state that" the Court should avoid
needless determination of state law issues, should discourage litigants from filing declaratory
actions as a means of forum shopping, and should avoid duplicative litigation.  *Principal Life Ins.
Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005).  This lawsuit is a transparent attempt at
forum shopping.  Plaintiff could have made all its arguments on direct appeal in state court.
Instead, Plaintiff attempted to sidestep the state court system entirely.  The Court will not join

7

1    Plaintiff in its endeavor.

2        C.   Qualified Immunity

3        Finally, Plaintiff's only remaining avenue for relief—a claim for damages against

4    Defendant in her personal capacity—is foreclosed by qualified immunity.  "The doctrine of

5    qualified immunity protects government officials 'from liability for civil damages insofar as their

6    conduct does not violate clearly established statutory or constitutional rights of which a

7    reasonable person would have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting

8    *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Qualified immunity also allows courts to avoid

9    the risk of bad decisionmaking where—as here—the "briefing of constitutional questions is

10   woefully inadequate."  *Id.* at 239.

11       Officials in Defendant's situation present a particularly compelling case for qualified

12   immunity.  "[W]hen a public official acts in reliance on a duly enacted statute or ordinance, that

13   official ordinarily is entitled to qualified immunity."  *Dittman v. California*, 191 F.3d 1020, 1027

14   (9th Cir. 1999).  This rule is not absolute, of course.  "Where a statute authorizes official conduct

15   which is patently violative of fundamental constitutional principles, an officer who enforces that

16   statute is not entitled to qualified immunity."  *Grossman v. City of Portland*, 33 F.3d 1200, 1209

17   (9th Cir. 1994).  But at bottom, "an officer who reasonably relies on the legislature's

18   determination that a statute is constitutional should be shielded from personal liability."  *Id.* at

19   1210.

20       In the instant case, Plaintiff contends that Defendant is personally liable because her

21   subordinates implement several duly-enacted statutes.  But none of the statutes at issue are

22   "patently violative of fundamental constitutional principles," so Defendant is entitled to qualified

23   immunity.  *Grossman*, 33 F.3d at 1209.  For example, Plaintiff contends that Defendant is liable

24   for allowing the Labor Commissioner to award liquidated damages pursuant to Labor

25   Code § 1194.2.  (ECF No. 23 at ¶¶ 32, 35.)  Labor Code § 1194.2 provides, in relevant part:

26               In any action under Section 98 . . .  to recover wages because of the
             payment of a wage less than the minimum wage fixed by an order
27           of the commission or by statute, an employee shall be entitled to
             recover liquidated damages in an amount equal to the wages
28           unlawfully unpaid and interest thereon.

1    CAL. LAB. CODE § 1194.2.  Plainly, this statute is not "patently violative of fundamental

2    constitutional principles" to such a degree that Defendant must second-guess the legislature to

3    avoid personal liability.  *Grossman*, 33 F.3d at 1209.  She has reasonably relied on the

4    legislature's determination that the statute is constitutional, so she is shielded from personal

5    liability.  *Id.* at 1210.

6         The same is true for the Labor Commissioner's practice of assisting wage claimants.

7    Labor Code § 98(a) authorizes the Labor Commissioner to "investigate employee complaints"

8    and Labor Code § 98.4 allows the Labor Commissioner to represent indigent wage claimants in

9    their ODA appeals.  CAL. LAB. CODE. §§ 98(a), 98.4.  Neither statute strays so far from the

10   bounds of constitutionality that Defendant must supplant the legislature's judgment with her own.

11   *Grossman*, 33 F.3d at 1209–1210.

12        Plaintiff's attacks on Labor Code § 98.2(a) and (b) also fail.  Labor Code § 98.2(a)

13   imposes a ten-day deadline for filing ODA appeals, which Plaintiff argues is unconstitutionally

14   short.  (*E.g.*, ECF No. 58 at 13:12–15.)  Labor Code § 98.2(b) imposes the undertaking

15   requirement, which Plaintiff asserts unconstitutionally restricts access to the courts.  (*E.g.*, ECF

16   No. 58 at 9:6–10.)  The Court has already held that Plaintiff lacks standing to sue Defendant for

17   injuries allegedly incurred by operation of those provisions, because they are self-enforcing and

18   not fairly traceable to her.  (ECF No. 56 at 7:11–28.)  But even if Plaintiff had standing to pursue

19   those theories, qualified immunity would preclude recovery here too.  According to Plaintiff,

20   "[t]he law was clear since the birth our nation that the right to access [the] courts is a fundamental

21   Constitutional right.  There is no way a right thinking state official could reasonably not know

22   this basic human right.  Accordingly, there is no qualified immunity."  (ECF No. 58 at 13:7–10.)

23   The Court does not take Plaintiff's grandiloquent view.  Labor Code § 98.2 regulates how certain

24   types of cases may be brought to state superior court.  It does not extinguish the right to access

25   the courts.  The question it presents is one of degree: how much of a burden on the right to access

26   the courts is too much?  The state legislature struck a balance, and Defendant reasonably relied on

27   its determination.  That is sufficient for qualified immunity.  *See Grossman*, 33 F.3d at 1210.

28   Accordingly, Defendant has shown that she is entitled to judgment as a matter of law.

**IV.    CONCLUSION**

For the foregoing reasons, the following is hereby ORDERED:

1.  The Court lacks subject matter jurisdiction to issue injunctive or declaratory relief. Accordingly, those aspects of the case are DISMISSED.

2.  Defendant's Motion for Summary Judgement (ECF No. 45) is GRANTED with respect to all remaining aspects of the case. The Clerk of the Court shall enter judgment for Defendant.

3.  Plaintiff's Motion for Partial Summary Judgment (ECF No. 46) is DENIED.

IT IS SO ORDERED.

Dated: March 27, 2017

Troy L. Nunley
United States District Judge